No. 15-0524 – *Karen Adams v. Pennsylvania Higher Education Assistance Agency*

**FILED**

**June 3, 2016**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Chief Justice Ketchum, concurring, in part, and dissenting in part:

I agree with the result in this case. I disagree with the majority's conclusion that a portion of the plaintiff's claim was not barred by federal preemption.

In my opinion, there is complete preemption of the West Virginia Consumer Credit & Protection Act, W.Va. Code § 46A-1-1 *et seq.* [1974] ("WVCCPA"), by the regulations of the Federal Family Education Loan Program, 20 U.S.C. §§ 1071 to 1087-4 ("FFELP"). The Ninth Circuit addressed whether the FFELP preempted Oregon's unlawful debt collection statute in *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1264-65 (9th Cir. 1996). The Ninth Circuit concluded that the Oregon statue was preempted by federal law, reasoning that:

> If student loan guarantors were exposed to liability under fifty different sets of statutes, regulations and case law, conducting diligent pre-litigation collection activity could be an extremely uncertain and risky enterprise. Exposure to liability under state law would provide a significant disincentive to pursue loan collection, and the cost advantages gained by concentrating [FFELP] loan collection in a centrally-administered system would be lost. Preemption does deprive some defaulters of the ability to receive damages under state law; however, the congressional purpose in enacting the [FFELP] was not to make it easier for defaulters to get money from loan collectors, but to protect the millions of students who would suffer irremediable loss if Congress had to shut down the [FFELP] program.

1

Similarly, the Northern District of West Virginia concluded that the WVCCPA is completely preempted by the FFELP. In *Seals v. Nat'l Student Loan Program*, 2004 WL 3314948 (Aug. 16, 2004, N.D. W.Va.), the court noted that:

> The Secretary of Education has published an interpretation of this specific issue. In this interpretation, the Secretary states that the Guaranteed Student Loan ("GSL") regulations, enacted under the HEA [Higher Education Act], were intended "to preempt contrary or inconsistent state law to the extent necessary to permit compliance with the Federal regulations." Stafford Loan, *Supplemental Loan for Students, PLUS, and Consolidation Loan Programs*, 55 Fed.Reg. 40120 (Oct. 1, 1990). The Secretary further explains that state law is inconsistent with the GSL regulations when it "would prohibit, restrict, or impose burdens" on the pre-litigation collection efforts of third parties. *Id.* at 40121. Consequently, any state law is preempted that "would hinder or prohibit any activity" taken by these third parties prior to litigation. *Id.*

I agree with the Ninth Circuit and with the Northern District Court's ruling in *Seals*. Therefore, I dissent to the majority's conclusion that part of the plaintiff's claim was not barred by federal preemption.